# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

BRADLEY KENT ELLIOTT,

                Plaintiff,

      v.

DONALD CARLON, DERRICK MEDINA, SHANNON McCLOUD, JEREMY HOUGH, and NANCY DAHLSTROM,

                Defendants.

Case No. 3:20-cv-00110-JMK

## **OMNIBUS ORDER RE: PENDING MOTIONS**

Before the Court are pending motions at Dockets 55, 59, 60, 63, 66, and 67.

## I. Motions Re: Reconsideration of Appointment of Counsel

At Docket 55, Plaintiff requests the Court to reconsider an unspecified prior order denying the appointment counsel. Plaintiff argues that he needs an experienced volunteer attorney, because this is a complex case.[1] Defendants oppose the appointment of counsel at Docket 58. Plaintiff replied at Docket 60 asserting that he has shown a likelihood of success on the merits, thereby qualifying for an appointment of counsel.[2]

---

[1] *See* Docket 55.
[2] Docket 60 was filed with the Court on a motion form; however, per the Local Civil Rule 7.1(c) a reply is appropriate here.

At Docket 67, Plaintiff filed "Motion for the Supplemental for the Reconsideration for the Appointment of Counsel," which includes approximately 100 pages of exhibits. Plaintiff explains that this motion had been intended to be a motion for summary judgment, but instead is submitted as a supplement to Docket 55.[3] Defendants did not respond.[4]

Local Civil Rule 7.1(d) governs supplemental briefing and factual materials. A party must show good cause to supplement a briefed motion with additional factual materials.[5] "The motion must have the proposed factual materials attached as an exhibit and address the reasons earlier filing was not possible or their relevance was not appreciated. Such motions will not routinely be granted."[6] The motion at Docket 67 does not articulate good cause why the exhibits provided were not available at the time of filing Docket 55. Therefore, the Court cannot consider the supplement in evaluating the merits of Docket 55.

Local Civil Rule 7.3(h) governs a motion for reconsideration. The Rule reads as follows:

> (1) A court ordinarily will deny a motion for reconsideration absent a showing of one of the following:
>
> (A) manifest error of the law or fact;
>
> (B) discovery of new material facts not previously available; or

---

[3] Docket 67 at 1.
[4] *See* Docket.
[5] Local Civil Rule 7.1(d).
[6] *Id.*

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 2 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 2 of 11

> (C) intervening change in the law
>
> (2) A motion for reconsideration is limited to 5 pages, and must be filed and served:
>
> (A) not later than 7 days after the entry of the order, for motions asserted under subsection (1)(A); or
>
> (B) within 14 days of the discovery or change in law, for motions asserted under subsections (1)(B) or (1)(C).
>
> (3) No response to a motion for reconsideration may be filed unless requested by the court. Unless otherwise ordered, a response must be filed within 7 days of entry of the order requesting a response and is limited to 5 pages.
>
> (4) No reply may be filed unless requested by the court. Unless otherwise ordered, a reply must be filed within 7 days of the order requesting a reply and is limited to 5 pages.

Docket 55 does not specify an order for reconsideration and is overlength. Furthermore, the Court did not issue an order seven days prior to Docket 55. On procedural grounds, the motions at Docket 55 should be denied.

Even liberally construing Docket 55 as a new motion for the appointment of counsel, the Court must deny Plaintiff's request. The Court is sympathetic to Plaintiff's aliments.[7] However, the precedent that binds this Court is clear. Generally, a person has no federal right to an appointed attorney in a civil action.[8]

---

[7] See Docket 55 at 3.
[8] See Turner v. Rogers, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 3 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 3 of 11

Under 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to appoint counsel in a civil action is discretionary. In order to appoint counsel,

> [a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.[9]

A court may only appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances."[10] Additionally, although the Court may request a volunteer attorney in exceptional cases, it has no power to make a mandatory appointment.[11]

Plaintiff litigates claims for unsafe conditions of confinement. The elements of such a claim are as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.[12]

---

[9] *Cano v. Taylor,* 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970).
[10] *Id.*
[11] *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989).
[12] *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *accord Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022).

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 4 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 4 of 11

From the pleadings and Docket 55, it appears that there is some likelihood of success on the merits.[13] However, the analysis lies at whether Plaintiff can articulate his claims in terms of the elements of his claims. Plaintiff has demonstrated that he is able to articulate his claims as a self-represented litigant. His writing and descriptions are clear and articulate. Further, he references and summarizes exhibits for the Court's review.[14] The first three elements of conditions of confinement claims focus on the intent, knowledge, actions of a defendant. Plaintiff briefly touched on these elements in his reply.[15] Plaintiff's medical history and the publications on diesel fumes are relevant to the fourth element—proving injury. However, Plaintiff's injuries are a question of fact, not law. Therefore, these records do not increase the legal complexity of Plaintiff's claims. The Court finds this case is not an "exceptional" one that necessitates the assistance of counsel.

Although section 1915(e)(1) permits the Court to request a volunteer attorney, this Court has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. The Court previously referred Plaintiff's case to the Federal Pro Bono Project and is currently advertising for a volunteer attorney. If a volunteer attorney comes forward to accept Plaintiff's case, the Court will appoint counsel at that time.

---

[13] The Court declines to consider the exhibits at Docket 67. Local Civil Rule 7.1(d).
[14] *See* Dockets 55 & 60.
[15] Docket 60 at 5.

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 5 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 5 of 11

Accordingly, the Motion for the Supplemental for the Reconsideration for the Appointment of Counsel at Docket 67 is **DENIED** for failing to show good cause as required by Local Civil Rule 7.1(d). Plaintiff's Motion to Reconsider the Appointment of Counsel at Docket 55 is **DENIED**. The Motion for Response to Defendant's Opposition Motion for Appointment of Counsel at Docket 60 is **DENIED AS MOOT**, because it is a reply brief, not a separate motion, per Local Civil Rule 7.1(c).

## II. Motion to Join Cases

At Docket 59 is Plaintiff's Motion to Join Cases ("Motion"). Plaintiff requests the Court to join a civil case pending in Alaska Superior Court with this federal action pursuant to Federal Rule of Civil Procedure 18(b).[16] Defendants oppose the Motion as procedurally improper per Rules 15, 16, 18, and 20 of the Federal Rules of Civil Procedure.[17] Plaintiff did not reply.[18] The Court takes judicial notice of *Elliott v. State of Alaska, Dept. of Corrections, et al.*, Case No. 3AN-22-05249CI.[19]

---

[16] Docket 59 at 1–2.
[17] Docket 61 at 6–8.
[18] *See generally* Docket.
[19] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 6 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 6 of 11

Rule 18 of Federal Civil Procedure permits a party to add claims against a previously named party, even if one of those claims is "contingent on the disposition of the other."[20] As evidenced by the record in *Elliott v. State of Alaska, Dept. of Corrections, et al.*, Case No. 3AN-22-05249CI and Defendants' opposition, the remaining defendants in the state case differ from the defendants in this action.[21] Rule 18 does not permit the requested joinder.

Rule 20 of Federal Civil Procedure permits the addition of new defendants to a civil action, if (1) the relief arises out of the same transactions or occurrences and (2) there is a question of law or fact common to all defendants.[22] "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits."[23] Even if the requirements of Rule 20 are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness or would result in prejudice to either side."[24] This includes considering factors such as: "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and

---

[20] Fed. R. Civ. P. 18.
[21] Docket 61 at 7; *see also* Docket 61-2–61-4.
[22] Fed. R. Civ. P. 20.
[23] *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).
[24] *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 7 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 7 of 11

the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action."[25]

As a preliminary matter, the Court does not find that the allegations raised in Plaintiff's state case arise out of the same transactions or occurrences or share a common question of law or fact. However, even if the Court is incorrect in this assessment, fundamental fairness prevents the joinder of new defendants to this action. The Court granted Plaintiff an opportunity to amend his pleadings, but he did not do so.[26] To permit joinder now would (1) require a showing of good cause[27] that is not present here; (2) delay the resolution of this action contrary to judicial efficiency; and (3) be prejudicial to all defendants. Further, the Court notes that many of Plaintiff's claims and defendants in the state action were dismissed without prejudice, permitting him to possibly file an amended complaint in his state action, if state civil procedure permits, or to file a new action in federal court.

Accordingly, the Motion to Join Cases at Docket 59 is **DENIED**.

### III. Motion to Reopen Discovery and DOC Sanctions

At Docket 63 is Plaintiff's Motion to Reopen Discovery and DOC Sanctions ("Motion"). Plaintiff requests the Court reopen discovery in order to obtain (1) his medical records from September 2022 and (2) disclosure of a redacted name of

---

[25] *Desert Empire Bank*, 623 F.2d at 1375.
[26] *See* Dockets 25 & 26.
[27] Fed. R. Civ. P. 16(d); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–11 (9th Cir. 1992) (discussing that amending a complaint after a district court has issued a scheduling order is governed by Federal Rule of Civil Procedure Rule 16(b)); *see also Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 459 (9th Cir. 2012).

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 8 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 8 of 11

an individual.[28] In the same motion, Plaintiff alleges a Department of Corrections officer, who is not a defendant in this case, intentionally destroyed a portion of his legal materials. Plaintiff requests the Court order the preservation of any video of this incident and issue sanctions against the Department of Corrections.[29] Defendants oppose the Motion at Docket 64 asserting (1) Plaintiff may access his medical records through Department of Corrections Policy and Procedure 807.06; (2) the request for a redacted name is untimely and made with an insufficient basis to override the confidentiality of prisoner records as established by the Alaska Administrative Code 22.05.090 and 22.05.095; (3) no video exists related to Plaintiff's alleged exposure to fumes at Wildwood Correctional Center; and (4) Plaintiff attempts to improperly amend his complaint with a new defendant and new alleged conduct at a different correctional facility.

The Court adopts Defendants' reasoning. Plaintiff may access his medical records through an administrative request.[30] Should Plaintiff be unable to obtain these documents through that channel, the Court may entertain an additional motion. Plaintiff's request for a redacted name previously in discovery provided by Defendant lacks specificity and timeliness.[31] To the extent that the Plaintiff needs replacements of documents lost in transit, this is a matter to be directly addressed

---

[28] Docket 67 at 1, 3.
[29] Docket 67 at 2–3.
[30] State of Alaska Department of Corrections, Policy & Procedure 807.06.
[31] *See* Fed. R. Civ. P. 37; Docket 42.

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 9 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 9 of 11

with counsel for Defendants. Lastly, Plaintiff's concerns regarding Officer Radlinski, video preservation, and sanctions cannot be addressed in this proceeding, because (1) Officer Radlinski is not a defendant in this matter; (2) this is a separate incident, and effectually, a new claim; and (3) the time to amend the pleadings has passed.[32] Plaintiff may elect to plead those allegations and seek relief in a separate civil action.

Accordingly, the Motion to Reopen Discovery and DOC Sanction is **DENIED**.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Reconsider the Appointment of Counsel at Docket 55 is **DENIED**.

2. Plaintiff's Motion to Join Cases at Docket 59 is **DENIED**.

3. Plaintiff's Motion for Response to Defendant's Opposition Motion for Appointment of Counsel at Docket 60 is **DENIED AS MOOT**.

4. Plaintiff's Motion to Reopen Discovery and DOC Sanction at Docket 63 is **DENIED.**

5. Plaintiff's Motion of Extension of Time to File at 66 is **DENIED AS MOOT** per the Court's order vacating dispositive deadlines at Docket 65.

6. Plaintiff's Motion for the Supplemental for the Reconsideration for the Appointment of Counsel at Docket 67 is **DENIED.**

---

[32] Docket 42 at 2 (Scheduling Order with amended pleadings deadline of April 29, 2021).

3:20-cv-00110-JMK, *Elliott v. Carlon, et al.*
Omnibus Order Re: Pending Deadlines
Page 10 of 11
Case 3:20-cv-00110-JMK   Document 68   Filed 03/23/23   Page 10 of 11

7. In light of the resolution of these motions, the Court instructs the parties file a joint status report within 30 days of this order with a proposed dispositive motions deadline.

DATED at Anchorage, Alaska, this 23rd day of March, 2023.

>  */s/ Joshua M. Kindred*
>  JOSHUA M. KINDRED
>  United States District Judge