IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BRADLEY KENT ELLIOTT,

                    Plaintiff,

v.

DONALD CARLON, DERRICK MEDINA, SHANNON McCLOUD, JEREMY HOUGH, and NANCY DAHLSTROM,

                     Defendants.

Case No. 3:20-cv-00110-JMK

## ORDER RE: PENDING MOTIONS

Before the Court are pending motions at Dockets 72 and 74.

**I.    Motions for Defendants['] Attorney to Answer the Interrogatories**

At Docket 72, Plaintiff requests the Court to order Defendants' counsel to respond to interrogatories. Defendants construe Docket 72 as a motion to compel under Rule 37(a)(3)(B)(iii) of Federal Civil Procedure and oppose the request as untimely.[1] Interrogatories are a function of discovery governed by Rule 33 of Federal Civil Procedure.

---

[1] Docket 73.

Interrogatories serve two purposes: (1) to ascertain facts and procure evidence or information; and (2) to narrow the issues and reduce surprise at trial.[2]

Discovery closed in this matter on January 3, 2022, per the Amended Scheduling Order at Docket 42. In the Court's Omnibus Motion at Docket 68, the Court declined to reopen discovery.

Accordingly, the request to compel interrogatories is untimely; the Motion for Defendants Attorney to Answer the Interrogatories at Docket 72 is **DENIED**.

## II. Motion for Substitution of Party

At Docket 74, Plaintiff requests to substitute Sidney Wood, Deputy Director for the Department of Corrections for Defendant Dahlstrom, former Commissioner of the Department of Corrections. Plaintiff asserts that the allegations and quotes attributed to Defendant Dahlstrom are properly attributed to Deputy Director Sidney Wood.[3] Plaintiff further asserts that he was "unable until recently to identify the name signed on this Appeal statement. It was another inmate who was familiar with Sidney Wood's signature who identified this as a document signed by Sidney Wood."[4]

Defendants oppose the Motion for Substitution of Party at Docket 78. Defendants argue that the plain language of Federal Rule of Civil Procedure 26(d) permits the automatic substitution of the current Commissioner of the Department of Corrections,

---

[2] 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2162 (3d ed. 1998); *see also Aktiebolaget Vargos v. Clark*, 8 F.R.D. 635 (D. D.C. 1949).
[3] Docket 74 at 3 ("Elliott in the original filing attributed this statement to Commissioner Nancy Dahlstrom."); Docket 74-1.
[4] Docket 74 at 3.

in place of Defendant Dahlstrom, but Mr. Wood and Defendant Dahlstrom hold different public offices.[5] Therefore, Mr. Wood cannot be substituted per Rule 26(d). Defendants additionally argue that the proper procedural mechanism for Plaintiff to add or substitute Mr. Wood as a defendant would be by amending the complaint pursuant to Rule 15 of Federal Civil Procedure; and Plaintiff would have needed to submit an amended complaint for the Court's consideration.[6]

Generally, the Court concurs with Defendants. In addition, the time for amended pleadings has expired.[7] As explained by the Ninth Circuit Court of Appeals in *Johnson v. Mammoth Recreations, Inc.*, the amendment of a complaint after the issuance of a scheduling order is governed by Federal Rule of Civil Procedure 16(b), not Rule 15.[8] Once issued, the scheduling order "controls the course of the action unless the court modifies it."[9] The Ninth Circuit addressed this frequent procedural confusion between the application of Rules 15 and 16, by acknowledging that courts across the country have considered a motion to amend the complaint as a motion to amend the scheduling order.[10]

A court evaluates a motion to amend a scheduling order for good cause.[11] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

---

[5] Docket 78 at 2.
[6] *See also* Local Civil Rule 15.1.
[7] Docket 42 at 2.
[8] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–11 (9th Cir. 1992).
[9] Fed. R. Civ. P. 16(d).
[10] *Johnson*, 975 F.2d at 608–09 (also acknowledging that the Circuit has upheld district court decisions with strict interpretations of Rule 16).
[11] Fed. R. Civ. P. 16(b).

the amendment" and weighs "the existence or degree of prejudice" to the opposing party.[12] In assessing a party's diligence, a court considers a variety of circumstances, but primarily (1) when the a party discovered the need to amend; and (2) how long did they have that information in their possession.

A party may amend a complaint with permission, or leave, from the court.[13] Rule 15 dictates that a "court should freely give leave when justice so requires."[14] In deciding whether to exercise discretion to give leave to amend a complaint, a court considers five factors: (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies; (4) undue prejudice; and (5) futility of the amendment.[15]

A court may act with leniency towards a self-represented litigant for procedural violations, but cannot dispense with the procedural rules that govern civil proceedings.[16] Here, the proper procedure requires Plaintiff to have filed a Motion to Amend Scheduling Order, (1) requesting to amend his complaint, (2) demonstrating good cause to amend the scheduling order, (3) explaining why the court should give leave for an amended complaint, and (4) included an amended complaint for the Court and Defendants review. The Court finds the reasons for Plaintiff's substitution request compelling. However, at present, no amended complaint exists before the Court. Therefore, the Court

---

[12] *Johnson*, 975 F.2d at 609.
[13] Fed. R. Civ. P. 15(a)(2).
[14] *Id.*
[15] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bratcher v. Polk County*, Case No. 3:20-cv-02056-SB, 2022 WL 17184419 at *6 (Sept. 14, 2022).
[16] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012) (further noting that leniency does not excuse self-represented litigants from the rules that govern proceedings).

cannot act with the leniency condoned by the Ninth Circuit; because the Court cannot fully excuse the procedural rules. Thus, the Motion for Substitution of Party at Docket 74 must be **DENIED**.

**IT IS THEREFORE ORDERED:**

1. The Motion for Defendants Attorney to Answer Interrogatories at Docket 72 is **DENIED.**

2. The Motion for Substitution of Party at Docket 74 is **DENIED**. However, the Court grants leave for Plaintiff to attempt to employ the proper procedure to amend the scheduling order and amend his complaint.

3. The dispositive motions deadline set for October 2, 2023, is **VACATED**.

4. Any motion to amend the scheduling order must be submitted by **November 7, 2023; otherwise, the Court will reset the dispositive motions deadlines.**

DATED at Anchorage, Alaska this 11th day of September, 2023.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE